# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDITH H. IAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL BANK, F.A.; JP MORGAN CHASE BANK, N.A.; CHASE HOME FINANCE; CALIFORNIA RECONVEYANCE COMPANY; FIDELITY NATIONAL TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; R.K. ARNOLD; and Does 1-20,<br><br>　　　　　Defendants. | Case No. 12-cv-4106 NC<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

　　The Court issues this order sua sponte to address concerns regarding the issue of subject matter jurisdiction. Plaintiff Judith Iam brings this action against Washington Mutual, JP Morgan Chase Bank, California Reconveyance Company, Fidelity National Title Company, Mortgage Electronic Registration Systems, and individual R.K. Arnold, President and CEO of Mortgage Electronic Registration Systems, for declaratory relief, accounting, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, unconscionability, illegal foreclosure, bad faith and unclean hands, and to quiet title. Compl., Dkt. No. 1.

　　"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v.*

*Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party seeking to invoke the court's jurisdiction bears the burden of establishing grounds for the exercise of federal jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Even if no party challenges subject matter jurisdiction, the court has a duty to raise the issue sua sponte. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,00.00.

Here, the complaint fails to assert a federal question and consists of state law claims alone. *See Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) (For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). While the complaint states that the source of federal jurisdiction exists under 28 U.S.C. § 1331 and references federal statutes, including the Real Estate Settlement Practices Act (RESPA) and the Truth in Lending Act (TILA), no federal causes of action are asserted. *See Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

The complaint also fails to allege the citizenship of any named defendant. Iam instead asserts that defendants are "registered with numerous state agencies and are incorporated outside of California." Compl. at 1. Iam fails to specifically allege the state of incorporation and the state where each defendant corporation has its principal place of business; the state of citizenship for the national banking association defendant; or the citizenship of individual defendant Arnold.

Because the plaintiff bears the burden of setting forth jurisdictional facts, Iam must show cause in writing on or before August 31, 2012, why this case should not be

1  dismissed for lack of subject matter jurisdiction. Iams' response must properly allege the
2  source of federal subject matter jurisdiction: federal question and/or diversity. If
3  invoking federal jurisdiction on the basis of diversity, Iam must identify the citizenship of
4  defendants Washington Mutual, JP Morgan Chase Bank, California Reconveyance
5  Company, Fidelity National Title Company, Mortgage Electronic Registration Systems,
6  and individual R.K. Arnold. Also, Iam must provide factual allegations to support her
7  assertion that the amount in controversy is $1,100,000. *See Christensen v. Northwest*
8  *Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (finding lack of subject matter
9  jurisdiction where plaintiff's tort claim could not sustain a judgment over the
10 jurisdictional amount).

11    Finally, in light of her pro se status, plaintiff may wish to seek assistance from the
12 Legal Help Center, a free service of the Volunteer Legal Services Program, by calling
13 415.782.9000 x8657 or signing up for an appointment on the 15th floor of the
14 Courthouse, Room 2796. At the Legal Help Center, plaintiff may speak with an attorney
15 who may be able to provide basic legal help, but not legal representation. The Court also
16 urges plaintiff to obtain a copy of the Pro Se Handbook, available free of charge from the
17 Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450
18 Golden Gate Avenue, San Francisco, CA.

19    IT IS SO ORDERED.

21 DATED: August 7, 2012

22                                NATHANAEL M. COUSINS
                                  United States Magistrate Judge