UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDITH H. IAM,

    Plaintiff,

    v.

WASHINGTON MUTUAL BANK, et al.

    Defendants.
_____/

No. C 12-4106 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

On December 27, 2012, plaintiff Judith Iam ("plaintiff") filed an "ex parte" application for a temporary restraining order ("TRO") and an "order to show cause re: preliminary injunction." The application seeks to "prevent execution of a judgment for possession . . . entered in an unlawful detainer case" on October 11, 2012.

As an initial matter, while plaintiff claims to be proceeding ex parte, plaintiff has noted that the TRO application "is being served upon the defendants by fax and first-class mail," and has attached certificates of service. However, the certificates of service indicate that defendants are being served via "U.S. Mail - overnight delivery," and do not indicate that any defendants were served by fax. Thus, there is some confusion as to whether plaintiff intends to proceed under Rule 65(a), which requires notice, or Rule 65(b), which does not. However, for the reasons described below, the court's decision would be the same under either scenario.

Specifically, this court is prevented from intervening in a state court unlawful detainer action by the Anti-Injunction Act. The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court

proceeding should be resolved in favor of permitting the state action to proceed." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). A number of district courts have found that a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in the Act. See, e.g., Diaz v. National City Bank, 2012 WL 2129916 at *2 (S.D. Cal. June 12, 2012); Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4 (N.D. Cal. Feb. 28, 2012); Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D. Cal. Feb. 3, 2012). Plaintiff notes that she believes the state court unlawful detainer proceedings to be "irregular and the judgment void," and that a "motion to vacate said void judgment is in preparation for immediate filing in the county court." Dkt. 19 at 3. Plaintiff may pursue those arguments in state court, as she apparently intends to do, but the Anti-Injunction Act prevents this court's intervention. Accordingly, plaintiff's application for a temporary restraining order and an order to show cause is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 2, 2013

PHYLLIS J. HAMILTON
United States District Judge